

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| REGINALD SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:16-01499-MGL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIM FOR BENEFITS**

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claim for SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 24, 2017. ECF No. 24. Plaintiff filed his objections on May 8, 2017. ECF No. 26. Defendant failed to object to the Report. The Court has carefully reviewed Plaintiff's objections and holds them meritless. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for SSI on September 18, 2012, asserting his disability commenced on June 9, 2005. Plaintiff's application was denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's application on October 15, 2014. At the hearing, Plaintiff amended his alleged disability onset date to September 18, 2012. On November 26, 2014, the ALJ issued a decision holding Plaintiff was not disabled under the Act. The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed an action in this Court on May 9, 2016, seeking judicial review of Defendant's decision denying his claim.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff sets forth three objections to the Magistrate Judge's Report. Plaintiff first objects to the Magistrate Judge's suggestion the Court reject Plaintiff's alleged errors regarding the ALJ's consideration of his diabetes and obesity. Plaintiff claims the Magistrate Judge erred in determining Plaintiff failed to prove his diabetes significantly limits his ability to perform basic work activities. In support of this contention, Plaintiff maintains the records he cited in his initial brief reference various symptoms associated with hyperglycemia that can be expected to impact his ability to work, and he states medical evidence reveals his diabetes makes him insulin-dependent, possibly causes diabetic neuropathy, and has required hospitalizations. Plaintiff argues his diabetes "obviously cause[s] more than a minimal impact" on his residual functional capacity (RFC). ECF No. 26 at 2.

Plaintiff also asserts the Magistrate Judge erred in concluding he is not obese on the ground he provided no medical evidence showing a diagnosis of obesity. Plaintiff avers there is medical evidence proving he is obese, including an emergency room record dated December 2, 2011. Plaintiff notes SSR 02-1p permits a finding of obesity based on evidence in the record even in the absence of a diagnosis of such. Plaintiff contends the Magistrate Judge erred in recommending any error of the ALJ in failing to provide an explanation regarding Plaintiff's obesity is harmless because Plaintiff neglected to demonstrate how his obesity impacts his ability to work. Plaintiff proffers his obesity alone might not prohibit work, but the cumulative effect of his obesity and other impairments must be considered.

The Magistrate Judge thoroughly analyzed Plaintiff's contentions the ALJ failed to properly consider his diabetes and alleged obesity, and the Court agrees with the Magistrate Judge's recommendations on these issues. As the Magistrate Judge explained, Plaintiff received treatment and medication for his diabetes during the relevant time period, *see* ECF No. 24 at 12,

4

and an impairment is non-severe if it can be controlled by treatment and/or medication, *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Furthermore, Plaintiff's references to evidence of his suffering various symptoms and other consequences of his diabetes fail to prove the condition significantly limits his ability to perform basic work activities, and Plaintiff's conclusory assertions to the contrary are unavailing. The Court agrees with the Magistrate Judge's determination Plaintiff has failed to satisfy his burden of proving his diabetes is a severe impairment under the Act.

The Court likewise agrees with the Magistrate Judge's suggestion any error on the part of the ALJ in failing to provide an explanation of his consideration of Plaintiff's alleged obesity is harmless because there is no evidence his RFC assessment would have been different if the ALJ had provided such an explanation. Contrary to Plaintiff's assertion, the Magistrate Judge refrains from concluding in the Report Plaintiff is not obese. *See* ECF No. 24 at 14-16. Rather, the Magistrate Judge notes Plaintiff's records fail to indicate any doctors found Plaintiff's weight to be a limiting impairment. *See id.* at 15. In her analysis, the Magistrate Judge specifically considered the December 2, 2011, emergency room record cited by Plaintiff and referenced the policy on obesity set forth in SSR 02-01p. *See id.* at 14-15. The Court has reviewed the relevant evidence, and it agrees with the Magistrate Judge the ALJ discussed substantial evidence supporting the level of functioning detailed in Plaintiff's RFC, and there is no evidence Plaintiff's obesity, either alone or together with other impairments, renders Plaintiff's functioning more limited than his RFC indicates. Accordingly, the Court rejects Plaintiff's first objection.

In Plaintiff's second objection, he complains the Magistrate Judge erred in recommending Plaintiff does not meet the criteria for Listing 12.05C, 20 C.F.R. Pt. 404, Subp. P, App. 1 § 12.05 (concerning intellectual disability). He claims Defendant and the Magistrate Judge "argue that

[Plaintiff] did not meet the requirements of the introductory paragraph of Listing 12.05C." ECF No. 26 at 4. Plaintiff further asserts the Magistrate Judge failed to note Plaintiff argued in his brief "it is not clear that the ALJ properly determined [Plaintiff] had no other physical or mental impairment imposing work-related limitations of function." *Id.* Plaintiff urges the ALJ failed to explain the alleged conflict between his determination Plaintiff had no other physical or mental impairment to satisfy the requirement in Listing 12.05C and Dr. James Way's (Dr. Way) statement Plaintiff has decreased functional capacity associated with his medical difficulties.

As an initial matter, the Court notes Plaintiff is mistaken in maintaining the Magistrate Judge "argued" he does not meet the requirements of the introductory paragraph of Listing 12.05C. Such an argument is absent from the Report. *See* ECF No. 24. Rather, the Magistrate Judge recommends Plaintiff fails to satisfy all the criteria of Listing 12.05C because he has no physical or other mental impairment imposing a significant work-related limitation as required by Listing 12.05C. *See id.* at 17-20. To the extent Plaintiff claims the Magistrate Judge erred by failing to note the arguments Plaintiff made in his initial brief, such argument is also without merit. The Magistrate Judge articulated Plaintiff's positions and clearly addressed Plaintiff's contentions regarding the ALJ's treatment of whether Plaintiffs meets Listing 12.05C. *See id.*

The Court is likewise unpersuaded by Plaintiff's position the ALJ failed to explain an alleged conflict between his determination Plaintiff suffers from no physical or other mental impairment for purposes of Listing 12.05C and the opinion of Dr. Way. The Court notes Plaintiff's assertions on this matter fail to direct the Court to a specific error in the Report. Nevertheless, the Court has reviewed Dr. Way's evaluation, ECF No. 10-7 at 84-88, and nothing in it is contradictory to the Magistrate Judge's suggestion Plaintiff has no "physical or other mental impairment imposing a significant work-related limitation and does not meet all of the criteria for Listing

12.05C." ECF No. 24 at 20.  Dr. Way's statement Plaintiff "is experiencing some adjustment difficulties to his medical difficulties and associated decreased functional capacity" fails to provide evidence Plaintiff has a physical or other mental impairment imposing a significant work-related limitation.  Moreover, the ALJ did in fact consider Dr. Way's opinion and explain how it fit into his analysis.  *See* ECF No. 10-2 at 22-23.  The Court agrees with the Magistrate Judge Plaintiff fails to meet Listing 12.05C because Plaintiff has not proven he suffers from a physical or other mental impairment imposing an additional and significant work-related limitation of function as required by Listing 12.05C.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.  Therefore, the Court holds Plaintiff's second objection is without merit.

Plaintiff's third objection relates to the Magistrate Judge's recommendation the ALJ satisfied his duty under applicable regulations and did not err in finding Plaintiff's credibility weakened.  Plaintiff avers the Magistrate Judge failed to explain which factors the ALJ considered in weighing Plaintiff's credibility and neglected to show the ALJ discussed subjective evidence.  Plaintiff invokes SSR 96-7p (concerning the assessment of a claimant's credibility) for the proposition a claimant's statements of pain or other symptoms cannot be ignored solely because they are unsubstantiated by objective medical evidence.

The cogency of Plaintiff's third objection eludes the Court.  Apart from an unexplained quotation of SSR 96-7p, Plaintiff provides no authority in support of this conclusory objection.  The Magistrate Judge thoroughly considered and rejected Plaintiff's argument the ALJ erred in failing to provide a full analysis of Plaintiff's credibility, *see* ECF No. 24 at 20-23, and the Court agrees with the Magistrate Judge for the reasons set forth in the Report.  Thus, the Court rejects Plaintiff's third objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claim for SSI benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 16th day of May 2017 in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
